NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180179-U

NO. 4-18-0179

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 21, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ROBERT RAY WICHMANN, | ) | No. 16CF631 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court reversed defendant's conviction and remanded for a new trial because the trial court erred by excluding defendant's parents from the courtroom.

¶ 2   In June 2016, the State charged defendant, Robert Ray Wichmann, with nine counts of aggravated criminal sexual abuse involving T.V., who was between 13 and 17 years old at the time of the alleged offenses. See 720 ILCS 5/11-1.60(d) (West 2014). The State later elected to proceed to trial on only four of those counts.

¶ 3   In January 2018, the trial court conducted defendant's bench trial. Prior to T.V.'s testimony, the State moved to exclude everyone from the courtroom except for the media and some of T.V.'s supporters. Over defendant's objection, the court granted the motion and excluded defendant's parents from the courtroom.

¶ 4   The trial court later acquitted defendant of one count and found defendant guilty of

the remaining three counts of aggravated criminal sexual abuse. The court later sentenced defendant to five years in prison.

¶ 5        Defendant appeals, arguing (1) the State did not prove him guilty beyond a reasonable doubt, (2) the trial court violated section 115-11 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-11 (West 2016)) because it excluded his parents from the courtroom during T.V.'s testimony, (3) Illinois's ban on sex offenders' access to social networking websites violates the first amendment, and (4) the laws surrounding sex offender registration violated defendant's due process rights. Because we agree only with defendant's second argument, we reverse and remand for a new trial.

¶ 6                                I. BACKGROUND

¶ 7        Because our resolution of this case is based upon the trial court's decision to exclude defendant's parents from the courtroom during T.V.'s testimony, we discuss only the facts relevant to that analysis and those required to provide sufficient context.

¶ 8        At defendant's January 2018 bench trial, the State presented testimony from T.V., her mother, her brother, a nurse, a forensic scientist, and the police officers who searched and photographed defendant's residence.

¶ 9        Prior to T.V.'s testifying, the State moved, pursuant to section 115-11 of the Code, to exclude everyone from the courtroom except the media and some of T.V.'s supporters. 725 ILCS 5/115-11 (West 2016). Defendant objected, stating, "I would argue that [defendant's parents] have a direct interest in this case as the defendant is their son, and they have been at each and every court hearing throughout the pendency of this, and I would ask that they be allowed to stay." The trial court asked whether T.V. was familiar with defendant's parents, and both parties responded affirmatively. The State said "that having [defendant's parents] here would be certainly

uncomfortable for her and would contribute to trauma more than anything else."

¶ 10        Despite defendant's objection, the trial court excluded defendant's parents from the courtroom. In doing so, the court explained that its "discretion is primarily driven by what would be the alleged victim's preference." The court further stated, "[A]lthough the defendant has a right to confront his accusers, that does not apply to any extended family."

¶ 11        T.V. testified that she first met defendant when she was 13 years old. Defendant lived in the same neighborhood as T.V. and her mother. T.V. testified that her mother introduced her to defendant and T.V. began going over to defendant's house. Approximately two months after she met defendant, he began to touch her in a sexual manner while she slept at his home. She testified that ultimately this escalated to defendant's engaging in sexual intercourse with her every day until she reported defendant's conduct to her brother in June 2016.

¶ 12        Jennifer MacRitchie testified that she was a forensic scientist and worked for the Illinois State Police at the Morton Forensic Science Laboratory. MacRitchie testified as an expert in the field of DNA analysis concerning a swab taken from the inside of a condom recovered from a trash can found in defendant's mobile home. The swab yielded two DNA fractions, one sperm fraction and one nonsperm fraction. The sperm fraction did not yield sufficient DNA to develop a profile. The nonsperm fraction matched DNA profiles for defendant and T.V. A mixed fraction showed two DNA profiles, one matching T.V. and the other matching a male profile that was not a match for defendant, although defendant could not be excluded. MacRitchie also analyzed a swab taken from the outside of the condom, finding the sperm fraction yielded a DNA profile that matched defendant. The nonsperm fraction yielded two DNA profiles, one that matched T.V. and the other that related to an unknown woman.

¶ 13        The trial court acquitted defendant of one count of aggravated criminal sexual abuse

but found defendant guilty of the remaining three counts of aggravated criminal sexual abuse. The court later sentenced him to five years in prison.

¶ 14                                    II. ANALYSIS

¶ 15        Defendant appeals, arguing (1) the State did not prove him guilty beyond a reasonable doubt, (2) the trial court violated section 115-11 of the Code (725 ILCS 5/115-11 (West 2016)) because it excluded his parents from the courtroom during T.V.'s testimony, (3) Illinois's ban on sex offenders' access to social networking websites violates the first amendment, and (4) the laws surrounding sex offender registration violated defendant's due process rights. Because we agree only with defendant's second argument, we reverse and remand for a new trial.

¶ 16                                    A. The Law

¶ 17        Section 115-11 of the Code states that in prosecutions for certain sex crimes, "where the alleged victim of the offense is a minor under 18 years of age, the court may exclude from the proceedings while the victim is testifying, all persons, who, in the opinion of the court, do not have a direct interest in the case, except the media." 725 ILCS 5/115-11 (West 2016). In *People v. Benson*, 251 Ill. App. 3d 144, 149, 621 N.E.2d 981, 984-85 (1993), this court construed that section and wrote the following: "The second limitation section 115-11 of the Code places upon the trial court is to direct that the court may exclude from the proceedings *only* those persons who, in the opinion of the court, do not have a direct interest in the case; the obverse of this means that those persons who *do* have a direct interest in the case, such as a defendant's immediate family, may not be excluded." (Emphases in original.) In *People v. Schoonover*, 2019 IL App (4th) 160882, ¶ 24, this court reiterated what we wrote in *Benson* and concluded that "[p]ersons with a direct interest include the defendant's immediate family members and such individuals may not

- 4 -

be excluded."

¶ 18    The Illinois Supreme Court very recently discussed the principles of a public trial in *People v. Radford*, 2020 IL 123975, in which one of the issues was the partial closure of a trial during *voir dire*. In *Radford*, the supreme court analyzed situations in which closure does not violate the sixth amendment and, in doing so, discussed section 115-11 and the supreme court's previous holding in *People v. Falaster*, 173 Ill. 2d 220, 228, 670 N.E.2d 624, 628 (1996): "[W]e noted [in *Falaster*] that the persons who were temporarily excluded from the proceedings were not members of the defendant's immediate family and, thus, did not have a direct interest in the outcome of the case." *Radford*, 2020 IL 123975, ¶ 34.

¶ 19    We note that *Benson* was favorably cited by the Illinois Supreme Court in *Falaster*. See *Falaster*, 173 Ill. 2d at 227. In *Benson*, this court also held that "because section 115-11 of the Code permits only limited closure of trial court proceedings, that section does not violate (or even implicate) any State or Federal constitutional provisions." *Benson*, 251 Ill. App. 3d at 149. We further held that "the criteria discussed by the United States Supreme Court in *Press-Enterprise* [*Co. v. Superior Court*, 464 U.S. 501 (1984)] and *Waller* [*v. Georgia*, 467 U.S. 39 (1984)] do not apply to closures ordered pursuant to section 115-11 of the Code." *Benson*, 251 Ill. App. 3d at 149.

¶ 20                                B. This Case

¶ 21    In this case, the trial court's exclusion of defendant's parents from the courtroom during T.V.'s testimony violated section 115-11 and the prevailing caselaw. See *Radford*, 2020 IL 123975, ¶ 34; *Schoonover*, 2019 IL App (4th) 160882, ¶ 24. The State does not argue to the contrary but attempts to salvage its case by discussing the broader constitutional rights to an open trial described in *Waller*. The State claims that if the court complied with the federal constitutional

requirement of a public trial, then defendant's rights in this case were not violated. We disagree. We conclude that if a court violates section 115-11 of the Code, complying with federal constitutional requirements does not erase that error. See *Schoonover*, 2019 IL App (4th) 160882, ¶ 45 (holding that a violation of section 115-11 was "a public trial violation, which is a structural error").

¶ 22                                    C. New Trial

¶ 23         Having determined that defendant's convictions must be reversed, we must next decide whether subjecting defendant to another trial would violate double jeopardy. If a reviewing court determines that the evidence introduced at trial was legally sufficient to convict, then retrial is not barred by the double jeopardy clause. *People v. King*, 2020 IL 123926, ¶ 52.

¶ 24         One of defendant's claims on appeal was that the DNA evidence was so questionable that the State failed to prove him guilty beyond a reasonable doubt. Accordingly, he contends we should reverse without remanding for a new trial. We disagree. We conclude that because the evidence, taken as a whole, was not legally insufficient to convict, reversal and remand in this case does not violate the principle of double jeopardy. See *id.*

¶ 25                                    III. CONCLUSION

¶ 26         For the reasons stated, we reverse and remand for a new trial.

¶ 27         Reversed and remanded.